UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ABDUMADZHITKHON ZIIADULLAEV,

    Petitioner,

v.

                                       No. 1:25-CV-292-H

TODD M. LYONS, et al.,

    Respondents.

## ORDER

Before the Court is the petitioner's motion for a temporary restraining order. Dkt. No. 2. The petitioner asks the Court to enjoin the respondents from transferring him "to any detention facility outside this judicial district or outside the United States," which includes "effectuating [his] removal," while the Court adjudicates his petition for a writ of habeas corpus (Dkt. No. 1). Dkt. No. 2 at 1–2. He also requests an order requiring the respondents to keep him "in his current place of detention during the pendency of these proceedings." *Id.* Relief is necessary, the petitioner argues, because his transfer to a facility outside this judicial district (or his removal from the United States) would strip the Court's jurisdiction to resolve his habeas petition. *Id.* at 2, 7.

The petitioner's concerns are misplaced. "It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Smith v. Fleming*, No. 4:02-CV-440, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021) (explaining that "venue [is] determined at the outset of litigation and [is] not affected by subsequent events" (alterations in original and quotation omitted)). Therefore,

even if the respondents were to transfer the petitioner outside the Northern District of Texas, the Court would retain jurisdiction over his habeas petition.

As for the petitioner's removal from the United States, the respondents inform the Court that they "will provide Petitioner's counsel and the Court with at least three days' notice before executing any [such] removal." Dkt. No. 7 at 1. Because "the government has agreed that it will provide meaningful notice," there is no imminent threat of removal warranting the exceptional remedy of a TRO. *A.A.R.P. v. Trump*, 778 F. Supp. 3d 882, 887 (N.D. Tex. 2025). If the respondents initiate the petitioner's removal while this litigation is pending, he may seek appropriate relief at that time.

The motion for TRO (Dkt. No. 2) is denied. The petitioner's habeas petition (Dkt. No. 1) remains pending.

So ordered on January 5, 2026.

                                                                                       JAMES WESLEY HENDRIX
                                                                                       UNITED STATES DISTRICT JUDGE